**ZENITH DREDGE COMPANY, a Minnesota Corporation, and Dunbar and Sullivan Dredging Company, a New York Corporation, Plaintiffs,**

v.

**George W. CORNING, Commissioner of Taxation for the State of Wisconsin, Defendant.**

**Civ. A. No. 1024.**

United States District Court
W. D. Wisconsin.

July 27, 1964.

Lyman T. Powell, Jr. of Powell, Sprowls & Gee, Superior, Wis., Montague, Applequist, Lyons, Nolan, Donovan & Knetsch, by Harry C. Applequist, Duluth, Minn., of counsel, for plaintiffs.

George Thompson, Atty. Gen., Harold H. Persons and James H. McDermott, Asst. Attys. Gen., Madison, Wis., for defendant.

RABINOVITZ, District Judge.

This is an action for declaratory relief, brought under 28 U.S.C.A. § 2201, for the purpose of determining whether or not the plaintiff corporations must withhold from their employees' wages State of Wisconsin income taxes.

The action is brought against the Commissioner of Taxation for the State of Wisconsin. Zenith Dredge is a Minnesota corporation; Dunbar and Sullivan is a New York corporation.

Jurisdiction of this Court exists by virtue of a federal question and sufficient amount in controversy, 28 U.S.C.A. § 1331, at least for the purpose of determining whether the Court has subject-matter jurisdiction.

Defendant filed a motion under Rule 12(d), Federal Rules of Civil Procedure, that this Court hear its defenses presented by answer prior to hearing the case on its merits. The Court will only consider the defense that this Court lacks jurisdiction over the subject matter of this action.

The basis of this defense is 28 U.S.C.A. § 1341, which provides as follows:

> "The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."

The plaintiffs each have a separate contract with the United States Government for the deepening and widening of the navigable channels of the Duluth-Superior Harbor, which is part of the interstate waters of the adjoining states of Minnesota and Wisconsin.

The employees of the plaintiffs, which include Wisconsin residents, in the course of their employment, work in both states.

The position of defendant is that the employees, resident and non-resident, are subject to the withholding of a part of their wages for state income taxes for that part of their wages earned in Wisconsin; and further, that as to the Wisconsin residents, their wages are subject to the withholding tax regardless of where earned.

The position of the plaintiffs is that 46 U.S.C.A. § 601 prohibits such attempted taxation. Sec. 601 provides:

" * * * And provided further, that no part of the wages due or accruing to a master, officer, or any other seaman who is the member of a crew on a vessel engaged in the foreign, coastwise, inter-coastal, interstate, or noncontiguous trade shall be withheld pursuant to the provisions of the tax laws of any State * * * ".

It should at the outset be noted that the declaratory judgment is directed against defendant's threatened assessment of the disputed taxes. Defendant has repeatedly sent letters and the required forms to plaintiffs, demanding payment of withholding taxes. At oral argument it was stipulated that no assessment has been made, and that no assessment would be made until the disposition of this matter, unless plaintiffs request that an assessment be made. Defendant is willing to let plaintiffs choose their own means of relief, provided it is not in the federal court.

It was agreed by both plaintiffs and the defendant that the determination of the question as to whether plaintiffs' employees are "seamen" will be dispositive of whether the challenged taxation is valid. However, because of the disposition that will be made of this case, it would be error to pass upon the question. Galfas v. City of Atlanta, 193 F.2d 931 (5th Cir. 1952). Accordingly, this Court expresses no opinion whatsoever as to whether plaintiffs' employees are seamen within the meaning of Sec. 601.

Plaintiffs' position can be summarized quite briefly. It is that a federal statute is involved over which this Court has primary jurisdiction; that plaintiffs are simply seeking a determination of fact, viz.: are their employees seamen within the purview of sec. 601?

## SUBJECT MATTER JURISDICTION

The only issue before this Court is whether the State of Wisconsin provides a "plain, speedy and efficient" means whereby plaintiffs' claim may be heard.

What the argument of plaintiffs overlooks is the effect of a decision by this Court, were it to find its employees seamen under sec. 601. The necessary effect would be to prevent the collection of state taxes. Sec. 1341 removes this jurisdiction from the district courts.

In Helmsley v. City of Detroit, Michigan, 320 F.2d 476 (6th Cir. 1963), the plaintiff had exhausted all administrative remedies. The plaintiff brought an action for declaratory judgment that certain assessments of ad valorem taxes are in violation of the due process and equal protection clauses of the Fourteenth Amendment.

The Court of Appeals, in affirming the district judge's sua sponte dismissal for lack of jurisdiction, cited sec. 1341, and said, "Even though the plaintiff is not seeking to 'enjoin, suspend or restrain the assessment, levy or collection of any tax under' the law of Michigan, it is the duty of a district judge to withhold relief by way of declaratory judgment where it appears that the taxpayer has an adequate remedy under state law."

The only ground for the plaintiffs bringing the present action is to avoid the payment of a tax.

Plaintiffs have argued that sec. 1341 is not applicable because they are not taxpayers. This is incorrect. Sec. 1341 does not refer to "taxpayers" but it relates to subject matter jurisdiction of this Court.

Further, under sec. 71.20(7), Wis. Stats., plaintiffs have the status of taxpayers. That section provides that, "Whenever any person is required to withhold any Wisconsin income tax from an employe, until such amount is deposited with the depository bank prescribed by sub. (4), the amount so withheld shall be held to be a special fund in trust for the state. The amount of such fund may be assessed and collected from such person by the department as income taxes are assessed and collected,

and such collection shall not abate any penalty imposed under sub. (6)."

In asserting that this Court has primary jurisdiction because a federal statute is involved, the plaintiffs are in essence claiming that only in this Court may they have their federal rights asserted. Further, that they have a right to be in federal court.

Plaintiffs have cited England v. Louisiana State Board of Medical Examiners, 375 U.S. 411, 84 S.Ct. 461, 11 L.Ed.2d 440 (1964). That case is not in point. England was not a sec. 1341 case. It was an action for declaratory judgment and injunction that the Louisiana Medical Practice Act as applied to the plaintiffs contravened the Fourteenth Amendment. A three-judge court invoked the doctrine of abstention, the basis for such action being that "The State Court might effectively end this controversy by a determination that chiropractors are not governed by the statute."

The present case is an example of "true abstention", as that concept is defined by Justice Douglas in his concurring opinion in England. An example of true abstention is where "[a] federal court declines to entertain an action for declaratory relief against state taxes because of the federal policy against interfering with them by injunction."

Plaintiffs rely on the following statement in England, "There are fundamental objections to any conclusion that a litigant who has properly invoked the jurisdiction of a Federal District Court to consider federal constitutional claims can be compelled, without his consent and through no fault of his own, to accept instead a state court's determination of those claims." Here the Court was not referring to tax cases contemplated by sec. 1341. See footnote 5, 84 S.Ct. at p. 464.

A leading case on point is Great Lakes Dredge and Dock Co. v. Huffman, 319 U.S. 293, 63 S.Ct. 1070, 87 L.Ed. 1407 (1942). The Great Lakes case held 28 U.S.C.A. § 41(1) (now sec. 1341) is applicable in declaratory judgment actions.

What is of greater significance, in response to plaintiffs' position, is that declaratory relief is not available in federal courts, even for the assertion of federal rights, where a plain, adequate and complete remedy is available in the state courts. The Court in Great Lakes said, " 'Whenever the question has been presented, this Court has uniformly held that the mere illegality or unconstitutionality of a state or municipal tax is not in itself a ground for equitable relief in the courts of the United States. If the remedy at law is plain, adequate, and complete, the aggrieved party is left to that remedy in the state courts, from which the cause may be brought to this Court for review if any federal question be involved'. Matthews v. Rodgers, supra, 284 U.S. at pages 525, 526 [52 S. Ct. at pages 219, 220, 76 L.Ed. 447]."

It is settled law that a party must resort to the state courts, in the first instance, even for the protection of federal rights, in sec. 1341 cases. Town of Hillsborough v. Cromwell, 326 U.S. 620, 66 S.Ct. 445, 90 L.Ed. 358 (1945); Great Lakes Dredge & Dock Co. v. Huffman, supra; Mathews v. Rodgers, 284 U.S. 521, 52 S.Ct. 217, 76 L.Ed. 447 (1931); Wyandotte Chemicals Corp. v. City of Wyandotte, 321 F.2d 927 (6th Cir. 1963); West Publishing Co. v. McColgan, 138 F.2d 320 (9th Cir. 1943); Miller v. Greenvile, Miss., 138 F.2d 712 (8th Cir. 1943); Lasker Boiler & Engineering Corp. v. Hamm, 216 F.Supp. 74 (M.D.Ala.N.D.1963), affirmed, 328 F.2d 429 (5th Cir. 1964); Chicago & N.W. Ry. Co. v. Lyons, 148 F.Supp. 787 (S.D. Ill.S.D.1957).

For plaintiffs to argue that sec. 1341 does not apply because a federal statute is involved is to ignore the plain meaning of the foregoing cases. Plaintiffs would, in effect, have this Court place a federal statute on a higher pedestal than rights secured or granted under the federal constitution. All federal rights, derived from the constitution or

statute, must first be considered by the state courts in cases such as the one before this Court. Sec. 601 is no exception.

Quite simply, Congress, by the enactment of sec. 1341 has left to taxpayers the burden of following state procedure. Congress has deprived taxpayers the right to obtain a determination of federal issues primarily in a federal court.

## ADEQUACY OF STATE PROCEDURE

■ Two modes of relief are provided under Wisconsin law. One is by way of declaratory judgment. The other is to follow an administrative agency-court review procedure.

*Declaratory relief.* Sec. 269.56, Wis. Stats., provides in part that, "Any person * * * whose rights, status or other legal relations are affected by a statute * * * may have determined any question of construction or validity arising under the * * * statute * * * and obtain a declaration of rights, status or other legal relations thereunder. * * *" Sec. 269.56(2). The statute further provides that, "When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, * * *."

Plaintiffs argue that declaratory relief is inadequate because not all persons who have an interest affected by such proceedings can be joined. However, this is not a case where such joinder is required. In Town of Blooming Grove v. City of Madison, 275 Wis. 328, 81 N.W.2d 713 (1956), it is said, "If it were so construed, the valuable remedy of declaratory judgment would be rendered impractical and indeed often worthless for determining the validity of legislative enactments, either state or local, since such enactments commonly affect the interests of large numbers of people."

The right of declaratory judgment accorded by sec. 269.56 is not limited by the provisions of the Administrative Procedure Act, Chapter 227, Wis.Stats. Sec. 227.05 provides for a declaratory judgment as to the validity of administrative rulings. A "rule" is defined as a "regulation, standard, statement of policy or general order * * * of general application and having the effect of law, issued by an agency to implement, interpret or make specific legislation enforced or administered by such agency or to govern the organization or procedure of such agency." Sec. 227.01 (3). " * * * The fact that a statement of policy or an interpretation of a statute is made in the decision of a case or in an agency decision upon or disposition of a particular matter as applied to a specific set of facts involved does not render the same a rule within sub. (3) or constitute specific adoption thereof by the agency so as to be required to be issued and filed as provided in this subsection." Sec. 227.01(4).

If a ruling was challenged by a declaratory judgment action, the circuit court would refer any fact issues to the appropriate administrative agency, with the court considering the legal issues in light of the facts as found by the agency. Sec. 227.05(2).

A rule is not at issue in the present action.

*Administrative agency-judicial review.* The Wisconsin statutes provide an extensive procedure for assessment of income taxes and review of those assessments.

Plaintiffs have argued that they have no remedies under the tax statutes because they refer to "additional assessments," and the intended assessment by the defendant is an "initial assessment."

It is true that the term "initial assessment" is not used in the statutes in respect to reviewing assessments. Nevertheless, a reading of Chapters 71 and 73, Wis.Stats., in *pari materia* indicates that the intended assessment here challenged comes within the scope of the reviewing procedures.

Sec. 71.10(1) provides in part that, "Nothing contained in this subsection

shall preclude the department of taxation from requiring any corporation to file an income tax return when in the judgment of the department of taxation a return should be filed."

Sec. 71.11(16) provides in part that, "The department of taxation * * * shall as soon as practicable audit each return filed * * * and if it shall be found from such office audit that a person has been over or under assessed, or if it shall be found that no assessment has been made when one should have been made, the department of taxation * * * shall correct or assess the income of such person. * * *"

Sec. 71.11(17) provides that, "The department of taxation * * * shall notify the taxpayer, as provided in section 71.11(22), of any adjustment, correction and assessment made pursuant to subsection (16) of this section."

Sec. 71.11(20) (b) provides that, "For the purpose of ascertaining the correctness of any return or for the purpose of making a determination of the taxable income of any person, the department of taxation * * * shall have power to examine (the books and records of the taxpayer) * * *. Upon such information as it may be able to discover, the department of taxation * * shall determine the true amount of income received during the year or years under investigation."

Sec. 71.11(20) (c) provides that, "If it shall appear upon such investigation that a person has been over or under assessed, or that no assessment has been made when one should have been made, the department of taxation * * * shall make a correct assessment in the manner provided in this section."

Sec. 71.11(21) (a) provides that, "Additional assessments and corrections of assessments by office audit or field investigation may be made of income of any taxpayer * * *," if proper notice is given.

This Court is satisfied that the term "additional assessments" as used in the statutes contemplates and includes all assessments made, including those considered by plaintiffs to be "initial assessments".

Under Wisconsin law, after an assessment has been made the party aggrieved may apply within 30 days for an abatement of the tax. The petition is filed, in this case, with the department of taxation, which must grant or deny the application within six months. Upon a denial of the application, the party may appeal to the board of tax appeals. The appeal must be filed within 30 days. The taxpayer, if he wishes a review, must seek it before the board of tax appeals. Upon a denial of the application by the board of tax appeals, the taxpayer may seek review in the circuit court for Dane County. Review may then be had by the Wisconsin Supreme Court. Wis.Stats. sections 71.12(1), 73.- 01(6) (a), 73.015(1) and (2), 227.16(1), 227.21.

It is also provided that a taxpayer may pay the tax under protest, and if he should prevail, the sum deposited with the state treasurer will be refunded with interest. Sec. 71.12(2).

This Court is satisfied that plaintiffs have a full and complete means of review under Wisconsin law. It should be remembered that state courts share equally with federal courts the responsibility of safeguarding and enforcing federal constitutional rights, which includes federal statutes. Where federal statutes have preempted a particular area, conflicting state laws must give way. The maritime provisions of the constitution and Sec. 601 are the supreme law of the land.

If the unlikely should occur and plaintiffs' federal rights are not given full cognizance, what is said in Martin v. Creasy, 360 U.S. 219, 79 S.Ct. 1034, 3 L.Ed.2d 1186 (1959), is appropos. "If, after all is said and done in the Pennsylvania courts, any of the plaintiffs believe that the Commonwealth has deprived them of their property without due process of law, this Court will be here."

**590**

## ORDER

For the reasons stated in the foregoing opinion, it is ordered that defendant's motion to dismiss on the ground that this Court lacks jurisdiction over the subject matter of this action be and the same is hereby granted.