Casey GRAY, Alan Cowie, and Paul Woodman, Individually, Jointly, and on Behalf of all Other Non-Residents of the State of Wisconsin who are Residents of Illinois and Michigan and who are Allegedly Subject to the Wisconsin Income Tax, Plaintiffs,

v.

James R. MORGAN, Commissioner of Taxation for the State of Wisconsin, Defendant.

No. C-65-69.

United States District Court
W. D. Wisconsin.

March 11, 1966.

Adeline J. Geo-Karis, Zion, Ill., for plaintiffs.

William G. Rice, Madison, Wis., Anderson, Bylsma & Eisenberg, Madison, Wis., Harold Persons, Asst. Atty. Gen., Stanley C. Fruits, Attorney for Wis. Dept. of Taxation, Madison, Wis., of counsel, for defendant.

JAMES E. DOYLE, District Judge.

The complaint herein alleges that the plaintiffs are residents and citizens of the states of Illinois or of Michigan; that they are employed in Wisconsin; impliedly, that they are being subjected to the Wisconsin income tax on wages or salaries received from Wisconsin employment; and that the application of the Wisconsin income tax statutes to the plaintiffs and to others similarly situated offends the equal protection and due process guarantees of the Constitution of the United States. Jurisdiction is invoked under the provisions of 28 U.S.C., Sec. 1343, the civil rights section. (There is no allegation of the jurisdictional amount required under 28 U.S.C., Sec. 1331 (diversity) or Sec. 1332 (federal question).) The convening of a three-judge court under 28 U.S.C. Secs. 2281, 2282, and 2284 is requested in the complaint (although no further reference to this procedure has been made in subsequent briefs or argument).

The relief sought is: (a) that the court determine the rights and obligations of the plaintiffs with respect to the deduction of interest on mortgages on their homes and with respect to deduction of losses on their homes; (b) that the court enjoin enforcement of the Wisconsin income tax statutes against the plaintiffs; (c) that the court declare unconstitutional the Wisconsin income tax statutes as applied to non-residents; and (d) that the court order refunded taxes heretofore illegally collected from plaintiffs. As to point (a), there is no need for court determination with respect to deduction of interest on mortgages and losses on sale of real estate; the Wisconsin statutes are explicit. Only the remaining three categories of relief will be considered hereinafter.

Defendant, the Commissioner of Taxation for Wisconsin, has moved to dismiss the complaint on two grounds: (1) that this action may not be maintained in the federal court because plaintiffs have a plain, speedy and efficient remedy in the Wisconsin courts; and (2) that the civil rights section is inapplicable to the fiscal claims asserted here.

The motion has been briefed and argued. The court is advised in the premises.

28 U.S.C., Sec. 1341, provides: "The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." The complaint herein alleges that the plaintiffs have no plain, speedy and efficient remedy in the Wisconsin courts. This contention is without substance. The remedies available in Wisconsin courts in income tax matters were considered in detail by this court in Zenith Dredge Company v. Corning, D.C., 231 F.Supp. 584, 588–589 (1964), and these remedies were held to be adequate. It is true that in *Zenith*, the claim was not that the Wisconsin income tax statutes violated the federal constitutional guarantees of equal protection and due process, but rather that Congress had pre-empted the

particular area of taxation. However, this court commented (at 589): "[S]tate courts share equally with federal courts the responsibility of safeguarding and enforcing federal constitutional rights, which includes federal statutes." The court further observed that if in pursuing their remedies in the Wisconsin courts, the plaintiffs' federal rights were "not given full cognizance", they could seek review in the Supreme Court of the United States. Because the remedy available to plaintiffs in Wisconsin courts is "plain, speedy and efficient", this court is prevented by 28 U.S.C., Sec. 1341, from enjoining the enforcement of the Wisconsin income tax laws.

28 U.S.C., Sec. 1341, does not by its terms prevent a federal court from entertaining an action for a declaratory judgment with respect to the constitutionality of a state tax statute, absent injunctive relief. However, it has been held that the wholesome restraint reflected in 28 U.S.C., Sec. 1341 with respect to injunctive relief is persuasive that relief by way of declaratory judgment should also be withheld by the federal courts. Great Lakes Dredge & Dock Co. v. Huffman, 319 U.S. 293, 300–301, 63 S.Ct. 1070, 87 L.Ed. 1407 (1943). The only remaining relief sought by plaintiffs here is the refund of taxes paid illegally, as they contend. As to this relief, it is even more clear that the remedy afforded in Wisconsin courts is adequate and that the federal court should refrain from interference.

■ What has been said is a sufficient basis for dismissal of the complaint unless the civil rights section, 28 U.S.C., Sec. 1343, is applicable here, and unless, further, the civil rights section overcomes both the force of 28 U.S.C., Sec. 1341 (as to federal injunctions against enforcement of state tax laws) and the reasons for federal restraint (as to federal declaratory judgments or judgments for tax refunds). We incline to defendant's view that 28 U.S.C., Sec. 1343 is inapplicable to the assertion of claims which are primarily fiscal. The relief sought here is not that plaintiffs be permitted to attend the University of Wisconsin without the payment of nonresident tuition, or that they be permitted to enter Wisconsin's state hospitals or mental institutions without extra charge, or that they be permitted to use all of Wisconsin's public recreational facilities without extra charge, or that they be accorded the full protective services of the Wisconsin state police; rather, the relief sought is escape from tne Wisconsin income tax. Thus, Abernathy v. Carpenter, 208 F.Supp. 793, 795 (W.D.C.D.Mo., 1962), affirmed per curiam, 373 U.S. 241, 83 S.Ct. 1295, 10 L.Ed.2d 409 (1963), appears directly in point. However, assuming that Section 1343 may be applicable to this general subject matter, we hold that it does not supersede the clear prohibition of Section 1341, nor override the reasons for federal judicial restraint in the area of taxation by the states.

■ Since we hold that Section 1341 expressly prohibits the federal court from enjoining the enforcement of the Wisconsin income tax law, whether on the ground of unconstitutionality or otherwise, we decline to request the convening of a three-judge court under 28 U.S.C., Secs. 2281, 2282, 2284.

The motion to dismiss is granted.