Casey GRAY, Alan Cowie, and Paul Woodman, Individually, Jointly and on Behalf of all Other Non-Residents of Illinois and Michigan and Who Are Allegedly Subject to the Wisconsin Income Tax, Plaintiffs-Appellants,

v.

James R. MORGAN, Commissioner of Taxation for the State of Wisconsin, Defendant-Appellee.

No. 15722.

United States Court of Appeals Seventh Circuit.

Dec. 22, 1966.

Adeline J. Geo-Karis, Zion, Ill., George D. Karcazes, Chicago, Ill., Betty Jean Thompson, Zion, Ill., of counsel, for appellants.

William Gorham Rice, Bronson C. La Follette, Atty. Gen., Madison, Wis., Clarence G. Bylsma, Sp. Coun., Madison, Wis., for appellee.

Before HASTINGS, Chief Judge, and KILEY and FAIRCHILD, Circuit Judges.

HASTINGS, Chief Judge.

We have for review a judgment ordering the dismissal of a complaint for declaratory judgment, injunctive relief and refund of state taxes paid.

The complaint alleges that plaintiffs are residents and citizens of either Illinois or Michigan; that they are employed in Wisconsin; that they are subjected to the payment of Wisconsin income tax on their wages and salaries received from Wisconsin employment; and that the application of the Wisconsin income tax statutes to them and others similarly situated offends the equal protection and due process guarantees of the Federal Constitution.

Jurisdiction of the United States District Court for the Western District of Wisconsin is invoked under the provisions of 28 U.S.C.A. § 1343, the civil rights statute. Convocation of a three-judge district court was requested pursuant to 28 U.S.C.A. § 2281, although no further reference to such procedure was made after filing the complaint.

Presently named as sole defendant in the complaint is James R. Morgan, Commissioner of Taxation for the State of Wisconsin.

Relief sought by plaintiffs in their complaint is (a) that the court determine the rights and obligations of plaintiffs with respect to the deduction of interest on mortgages on their homes and with respect to the deduction of losses on their homes; (b) that the court enjoin the enforcement of the Wisconsin income tax statutes against them; (c) that the court declare unconstitutional the Wisconsin income tax statutes as applied to non-residents [1]; and (d) that the court order refunded taxes alleged to have been illegally collected from them.

Defendant Commissioner moved to dismiss the complaint on two grounds: (1) that the civil rights section, 28 U.S.C.A. § 1343, is inapplicable to the tax claims asserted here; and (2) that this action may not be maintained in the federal court because plaintiffs have a plain, speedy and efficient remedy in the Wisconsin courts, as prescribed in 28 U.S.C.A. § 1341.

The district court, Honorable James E. Doyle presiding, found the law to be with the Commissioner on both grounds for dismissal, and granted the motion to dismiss. The district court filed a well-reasoned memorandum opinion in support of the dismissal, reported as Gray v. Morgan, D.C., 251 F.Supp. 316 (1966).

---

[1] The Wisconsin income tax statutes in question are cited as 1961 Wisconsin statutes, ch. 71; ch. 71.03(2) (f); ch. 71.05(3); ch. 71.05(5); ch. 71.05(8); ch. 71.07(1); ch. 71.09(6) (a), (b), (c), (d) and (e); and ch. 71.01. These relate generally to the imposition and collection of the state income tax, exclusions from gross income deductions from income, situs of income and personal exemptions. No good purpose would be served in setting out such provisions.

Title 28 U.S.C.A. § 1341, provides:

"The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."

■ To avoid this proscription, plaintiffs allege they have no "plain, speedy and efficient remedy" in the Wisconsin courts. We regard this contention as being without substance.

The same district court, speaking through Judge Rabinovitz, in Zenith Dredge Company v. Corning, D.C., 231 F. Supp. 584 (1964), met this question, under a different factual situation, and resolved it adversely to the taxpayer. We have concluded that *Zenith* was correctly decided.

Under Wisconsin law, after an assessment of income tax has been made, an aggrieved taxpayer may make application for an abatement of the tax and for refund with the assessor of incomes. Wis.Stats. § 71.12 (1961). If he feels aggrieved by the determination of the board of tax appeals, he may seek further review in the circuit court of the appropriate county. § 73.015(2). The determination by the circuit court can be reviewed by the Wisconsin Supreme Court. § 227.21. Obviously, any decision of the Wisconsin Supreme Court is subject to final review by the United States Supreme Court.

As the Supreme Court said: "Whenever the question has been presented, this Court has uniformly held that the mere illegality or unconstitutionality of a state or municipal tax is not in itself a ground for equitable relief in the courts of the United States. If the remedy at law is plain, adequate, and complete, the aggrieved party is left to that remedy in the state courts, from which the cause may be brought to this Court for review if any federal question be involved. [Quoting Matthews v. Rodgers, 284 U.S. 521, 525–526, 52 S.Ct. 217, 219, 76 L.Ed. 447 (1932).]" Great Lakes Dredge and Dock Co. v. Huffman, 319 U.S. 293, 298, 63 S.Ct. 1070, 1073, 87 L.Ed. 1407 (1942).

■ It is well-settled that federal courts will abstain in actions seeking declaratory or injunctive relief against state taxes, where there is a plain, adequate and complete remedy available in the state courts.

Despite plaintiffs' contention to the contrary, we are convinced that all the relief they seek by their complaint is available to them by a "plain, speedy and efficient remedy" in the courts of Wisconsin. We conclude that the proscription embodied in 28 U.S.C.A. § 1341 is applicable in this case and bars plaintiffs from proceeding in the federal district court.

■ The only remaining question of legal significance is, as Judge Doyle aptly stated, whether "the civil rights section, 28 U.S.C., Sec. 1343, is applicable here, and unless, further, the civil rights section overcomes both the force of 28 U.S.C., Sec. 1341 (as to federal injunctions against enforcement of state tax laws) and the reasons for federal restraint (as to federal declaratory judgments or judgments for tax refunds)." Gray v. Morgan, supra, 251 F.Supp. at 318.

28 U.S.C.A. § 1343, provides in relevant parts:

"The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:

\* \* \* \* \* \*

"(3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States; \* \* \*."

Plaintiffs charge that the Wisconsin income tax statutes deny them equal protection of the laws and deprive them of their property without due process of law in violation of Article 4, Section 2 and the Fourteenth Amendment, Section 1 of the Federal Constitution.

Plaintiffs here maintain that § 1341 does not limit district court jurisdiction in § 1343(3), but they cite no case so holding. Further, we have been cited no case in which § 1343 was used as the ground of federal jurisdiction for relief against a state tax.

In the instant case, we have no claim of the denial of procedural due process. Plaintiffs do not complain of the method of assessing or collecting the tax. They complain of the tax itself.

Under the circumstances present here, we find nothing in the history or construction of the civil rights statute, § 1343, to indicate its concern with the validity of a state tax as a revenue measure. Thus far, at least, it is quite clear that the courts have generally treated this statute as applicable to personal liberty rather than a property or monetary claim.

In the instant case, plaintiffs specifically charge that the Wisconsin state income tax statutes discriminate between non-residents of Wisconsin and residents of Wisconsin. This alleged discrimination refers to state services in various categories available to resident taxpayers, such as schools, hospitals, recreational facilities and the like, which they claim are denied wholly or on a restricted basis to non-resident taxpayers. However, it should be pointed out that in this action plaintiffs are not seeking a declaration of their so-called rights to enjoy the use of such state facilities, but rather the relief sought is escape from the payment of Wisconsin income taxes.

We regard the case of Abernathy v. Carpenter, D.C.W.D. Missouri, C.D., 208 F.Supp. 793 (1962), affirmed per curiam by the Supreme Court, 373 U.S. 241, 83 S.Ct. 1295, 10 L.Ed.2d 409 (1963), as dispositive of this appeal concerning the applicability of § 1343. There the Supreme Court upheld the decision of a three-judge district court that an action by non-residents, against a state director of revenue, to enjoin collection of certain state income taxes was not within the civil rights jurisdiction of the court and that it was barred by the proscription of

§ 1341. This able opinion reviews the applicable decisions and distinguishes others cited here by plaintiffs, and such a discussion need not be repeated.

It is sufficient to say that in *Abernathy*, as here, the deprivation, if any, was not one of personal liberty, but merely a property right dealing with certain claimed exemptions from gross income under a state income tax statute. See also, Hague v. C.I.O., 307 U.S. 496, 531, 59 S.Ct. 954, 83 L.Ed. 1423 (1939), concurring opinion; Holt v. Indiana Manufacturing Company, 176 U.S. 68, 72, 20 S.Ct. 272, 44 L.Ed. 374 (1900). For a further discussion of the application of §§ 1343 and 1341, see Bussie v. Long, D.C.E.D. Louisiana, Baton Rouge, D., 254 F.Supp. 797 (1966).

We have carefully considered the whole of plaintiffs' contentions, together with their cited authorities, but we are quite convinced that the decision of the trial court is sound and should not be disturbed. This is not to say that we indicate a view that, under other circumstances, an effort to adjudicate "human rights" under the Federal Constitution may not be asserted in a federal court, even though another forum may be open.

We hold that § 1341 means what it says, and having determined to our own satisfaction that plaintiffs have available to them a plain, speedy and efficient remedy in the Wisconsin state courts, they may not use a federal forum to seek the equitable relief sought here against the state income taxes in question. Further, the attempt to assert civil rights jurisdiction under § 1343 as somehow superior to the doctrine of federal abstention in order to escape the payment of a state income tax, under the circumstances of this case, must fail.

In view of this holding, the district court was correct in declining to request the convening of a three-judge district court. Indeed, plaintiffs have raised no question as to this on this appeal.

The judgment of the district court is affirmed.

Affirmed.