**Man M. KOCHHAR, Plaintiff,**

v.

**AUBURN UNIVERSITY; Dr. Harry Philpott, as President of Auburn University; Dr. W. S. Bailey, as Vice President for Academic and Administrative Affairs; and Dr. Samuel T. Coker, as Dean of the School of Pharmacy, Defendants.**

Civ. A. No. 823–E.

United States District Court
M. D. Alabama, E. D.
Sept. 23, 1969.

———◆———

Joseph J. Levin, Jr., Montgomery, Ala., for plaintiff.

Thomas D. Samford, III, Opelika, Ala., and Hill, Hill, Stovall, Carter & Franco, Montgomery, Ala., for defendants.

## ORDER

JOHNSON, Chief Judge.

Plaintiff, Man M. Kochhar, Associate Professor at Auburn University, Auburn, Alabama, a native of Punjab, India, by complaint filed August 7, 1969, and amended September 2, 1969, seeks injunctive and declaratory relief against the University's action which resulted in a decrease in Kochhar's salary without an adversary hearing. Plaintiff also seeks to have this Court determine his proper salary and issue an order requiring the University officials to offer him a contract at a "proper salary" for the school year 1969–70. The defendant state officials ask dismissal of plaintiff's complaint as amended for lack of jurisdiction in that no requisite jurisdictional amount is involved and for the further reason that the complaint fails to state a claim upon which this Court can grant relief. The case is submitted upon the motions to dismiss.

■■ The plaintiff alleges grave injustices to himself and to a female laboratory assistant; he says that the University authorities, upon the basis of unfounded and untrue rumors and without any hearing, decreased his salary from $14,352 per annum for the 1968–69 school year to $13,800 per annum for the 1969–70 school year. The plaintiff alleges jurisdiction under the Fifth and Fourteenth Amendments to the Constitution of the United States, and, in his amended complaint, under Title 42, § 1983 and Title 28, § 1343(3). The Fifth and Fourteenth Amendments, of course, do not confer jurisdiction on United States District Courts. Nor does Title 42, § 1983. These constitutional amendments and statutes merely protect and create rights. The jurisdictional section in a civil rights case is 28 U.S.C.A. § 1343(3). Hague v. C. I. O., 307 U.S. 496, 59 S.Ct. 954, 83 L.Ed. 1423; Hornbeak, etc. v. Hamm, Commissioner of Revenue, 283 F.Supp. 549 (M.D.Ala.1968).

Section 1343(3) provides:

The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:

\* \* \* \* \* \*

(3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States \* \* \*.

■ It is clear that this section does not require any jurisdictional amount; however, the doctrine of *Hague v. C.I.O., supra,* limits actions under § 1343(3) to those in which the "right asserted is inherently incapable of pecuniary valuation" as opposed to property rights. The line between "property rights" and "civil rights" is not always

clear, but wherever it has been drawn, at least as far as the Fifth Circuit is concerned, Kochhar's action cannot be maintained under § 1343(3). Bussie v. Long, 383 F.2d 766 (5th Cir. 1967). The mere alleging of a violation of constitutional rights will not in and of itself give one access to the federal courts. Property rights and rights of personal liberty, as related to § 1343, were discussed by the Seventh Circuit in Gray v. Morgan, 371 F.2d 172 (1966). In that case the Seventh Circuit stated:

> "Thus far, at least, it is quite clear that the courts have generally treated this statute as applicable to personal liberty rather than a property or monetary claim." 371 F.2d at 175.

For the foregoing reasons this Court holds that Kochhar's complaint as amended seeks protection of a "property right" and not a "civil right" within the meaning of § 1343 and thus fails to allege any basis for federal jurisdiction under that jurisdictional statute.

Kochhar also alleges that more than $10,000 is at issue. This, presumably, is an attempt to allege jurisdiction under § 1331. However, it is clear from a study of the complaint as amended that, if the issue is the denial of the raise, the jurisdictional amount is not present. The difference between what Kochhar says he was offered and what he is asking the Court to determine as a fair salary is approximately $3,000. Kochhar argues that future yearly contracts should be taken into account, aggregating the annual difference over a period of years. Such aggregation is not permitted. Ross v. Prentiss, 44 U.S. (3 How.) 771, 11 L.Ed. 824 (1845); 30 A. L.R.2d 631.

In accordance with the foregoing, it is the order, judgment and decree of this Court that the defendants' motions to dismiss be and each is hereby granted.

It is further ordered that this cause be and the same is hereby dismissed without prejudice.

It is further ordered that the costs of this proceeding be and they are hereby taxed against the plaintiff, for which execution may issue.