Ray T. WEAVER, Plaintiff,

v.

Bill HAWORTH, Individually, et
al., Defendants.

No. 75–232–C.

United States District Court,
E. D. Oklahoma,
Civil Division.

Nov. 25, 1975.

Ed R. Crockett, Tulsa, Okl., for plaintiff.

Samuel D. Caldwell, Lloyd Payton, Muskogee, Okl., for Haworth and Van-Worth Ranch.

A. Carl Robinson, Muskogee, Okl., for Jackson and Bank.

DAUGHERTY, District Judge.

## ORDER

█ Plaintiff's Complaint in this civil rights action states that jurisdiction is founded upon the existence of a question arising under 42 U.S.C. § 1983 through § 1986. This is a defective allegation of jurisdiction as said statutes merely create and protect rights. *Kochhar v. Auburn University*, 304 F.Supp. 565 (M.D. Ala.1969). However, Federal Courts have jurisdiction over claims for redress of rights under said statutes pursuant to 28 U.S.C. § 1343. *Gere v. Stanley*, 453 F.2d 205 (Third Cir. 1971); *Kochhar v. Auburn University, supra.* 28 U.S.C. § 1653 provides that defective allegations of jurisdiction may be amended in the trial Court. The Court will treat the Complaint at this time as having been amended to contain a statement that the Court's jurisdiction depends on 28 U.S.C. § 1343 as required by Rule 8(a)(1), Federal Rules of Civil Procedure.

█ Two individuals and two corporations have been joined in this action as Defendants. All Defendants have filed Motions to Dismiss For Failure to State a Claim. In addition, two Defendants have filed a Plea to Jurisdiction. This latter pleading is improper under Federal practice but the Court in the interest of justice will consider same as a Motion to Dismiss for lack of jurisdiction over the subject matter pursuant to Rule 12(b)(1), Federal Rules of Civil Procedure. The Court has a duty to look to its subject matter jurisdiction at all times. Rule 12(h)(3), Federal Rules of Civil Procedure.

Diversity of citizenship does not exist. If the Complaint fails to state a claim under the civil rights statutes relied upon by Plaintiff then this Court does not have subject matter jurisdiction of this action and same should be dismissed.

All parties have submitted Briefs in support of their respective positions in support of or in opposition to said Motions.

█ In *Basso v. Utah Power and Light Company*, 495 F.2d 906 (Tenth Cir. 1974) the Court stated:

"The party invoking the jurisdiction of the court has the duty to establish

that federal jurisdiction does exist, *Wilshire Oil Co. of Texas v. Riffe,* 409 F.2d 1277 (10th Cir. 1969), but, since the courts of the United States are courts of limited jurisdiction, there is a presumption against its existence. *City of Lawton, Okla. v. Chapman,* 257 F.2d 601 (10th Cir. 1958). Thus, the party invoking the federal court's jurisdiction bears the burden of proof. *Becker v. Angle,* 165 F.2d 140 (10th Cir. 1947)."

As the burden is on the Plaintiff to establish jurisdiction exists herein, his contentions will be briefly considered first. The only references to civil rights statutes in the Complaint are in the defective jurisdictional allegations. In two Briefs submitted in this action it appears Plaintiff only relies on 42 U.S.C. § 1983. Said statute provides:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

Defendant Haworth is the only Defendant alleged to have acted under color of State law.[1] Plaintiff asserts that all other Defendants have engaged in a conspiracy with Defendant Haworth to deny Plaintiff due process in regard to transactions arising from the sale, financing, alleged default and subsequent legal actions of a civil and criminal nature in the purchase of cattle. The following statement contained in one of Plaintiff's Briefs appears to summarize the allegations contained in the Complaint:

"Based upon the allegations in complainant's [Plaintiff's] complaint there can be no doubt that the conspiracy was carried into effect by the defendants and each of them in that complainant [Plaintiff] purchased the cattle, the cattle died, demand was made on complainant [Plaintiff] by the conspirators for return of the cattle which they knew he could not return, pressure was exerted by defendant Haworth on complainant [Plaintiff], and ultimately defendants and each of them caused criminal charges to be filed against complainant [Plaintiff] for failure to deliver the cattle all of which caused complainant [Plaintiff] damages as alleged in the complaint."

Plaintiff asserts the Complaint satisfies the elements of a civil rights claim under 42 U.S.C. § 1983 as set out in *Marshall v. Sawyer,* 301 F.2d 639 (Ninth Cir. 1962) wherein it is stated:

"The only elements which need to be present in order to establish a claim for damages under the Civil Rights Act are that the conduct complained of was engaged in under color of state law, and that such conduct subjected the plaintiff to the deprivation of rights, privileges, or immunities secured by the Constitution of the United States."

In order to establish civil rights claims under 42 U.S.C. § 1983 against the other Defendants, Plaintiff relies on the following holding from the case of *Gillibeau v. City of Richmond,* 417 F.2d 426 (Ninth Cir. 1969) which states:

"Suit may be brought against private citizens under section 1983 if a conspiracy is established between them and the state or local officials who clearly acted under color of state law."

Plaintiff alleges in the Complaint that Defendant Haworth "under color of authority as District Judge" made a demand the cattle be returned to Defendant Jackson and thereafter all Defendants conspired to cause Plaintiff to be denied due process of law. Plaintiff

---

1. Said defendant at all times complained of in this action was a District Court Judge in and for the State of Oklahoma.

then complains that Defendant Bank caused a Writ of Replevin to be issued and further that Defendants caused criminal charges to be filed against Plaintiff for knowingly concealing mortgaged property. Plaintiff complains these acts constituted malicious prosecution which encroached on his Constitutional rights to due process.

Defendants Haworth and Van-Worth Ranch contend the Complaint fails to state the elements of a Civil Rights claim as set out above. In this regard they urge that the only act alleged to have been committed by Defendant under color of state law was the making of a demand that cattle be delivered to Defendant Jackson and the Defendant Bank. It is urged that no Constitutional deprivation is alleged to have resulted from said demand. It is contended that Defendant Haworth was in no way connected with the civil Replevin action which was initiated by Defendant Bank and further it is contended that only the prosecuting attorney initiates criminal charges and the Complaint does not allege Defendant Haworth caused same to be filed.

Defendants Jackson and Bank of Stigler raise contentions similar to those raised by the other Defendants and in addition assert that Plaintiff would have an adequate remedy under State law for malicious prosecution if it can be proved that his prosecution for criminal offenses relating to the alleged concealing of mortgaged property is unfounded and was maliciously inspired.

The standards to be applied in ruling on whether this Court has jurisdiction of this action which depends on whether a claim has been stated pursuant to 42 U.S.C. § 1983 were set out in *Ryan v. Scoggin*, 245 F.2d 54 (Tenth Cir. 1957) wherein the Court stated:

"It is the general rule of frequent repetition that a motion to dismiss the action for failure of the complaint to state a cause of action for which relief can be granted admits all facts well pleaded in the complaint. But such a motion does not admit unwarranted inferences drawn from the facts or footless conclusions of law predicated upon them." (citations omitted).

In the instant case, Defendants contend that the Complaint contains mere conclusions rather than facts in support of the purported civil rights claim. This contention is not without merit and it is difficult to determine which facts are well pleaded in the Complaint in order to consider the applicable standards.

The Court determines that a claim is not stated upon which relief can be granted pursuant to 42 U.S.C. § 1983 as to any Defendant unless such a claim is stated as to Defendant Haworth. The only allegation contained in the Complaint that said Defendant acted under color of state law is stated as follows:

"That in the month of January, 1974, defendant Bill Haworth, identifying himself as Judge Bill Haworth, telephoned Complainant at his location in Warner, Oklahoma, and *under color of authority as District Judge of Muskogee County, Oklahoma,* made demand upon Complainant to deliver the cattle referenced in the Exhibit "A" to defendant Jerry Jackson and defendant First National Bank of Stigler." (Emphasis supplied).

As a matter of law, the Complaint does not state a claim for relief against Defendant Haworth. As the activity complained of is alleged to have been accomplished under said Defendant's authority as a judge, he is immune from personal liability in damages for acts performed in the course of his judicial duties. *Ryan v. Scoggin, supra.* The judicial immunity doctrine applies in actions under 42 U.S.C. § 1983. *Pierson v. Ray,* 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); *Ryan v. Scoggin, supra.* Said immunity is absolute even though the judge may act with malice. *Pierson v.*

*Ray, supra; Duba v. McIntyre,* 501 F.2d 590 (Eighth Cir. 1974). The conduct complained of in the Complaint on its face might appear to be outside the scope of said Defendant's judicial duties or authority, but in such event said Defendant would not be acting under color of state law and the first essential element to establish a claim under 42 U.S.C. § 1983 would not be present. Plaintiff correctly states the rule that a private person can only be liable under 42 U.S.C. § 1983 pursuant to a conspiracy with a state official acting under color of state law. *Adickes v. Kress & Co.,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Gillibeau v. City of Richmond, supra.* The Complaint therefore fails to state a claim pursuant to 42 U.S.C. § 1983 as to any Defendant.

 Plaintiff does not appear to contend that the Complaint states a claim under 42 U.S.C. § 1985. In his Brief filed herein October 20, 1975 he states:

" . . . *Carpenter v. City of Greenfield School District 7B 6, et al.,* 358 F.Supp. 224 [220] (D.C.—E.D. Wisc., 1973) the District Court stated while 42 USC § 1985 grants jurisdiction only to deal with conspiracies to deny equal protection but not due process, . . . "

This Court agrees with Plaintiff's statement in this regard. An examination of the Complaint fails to disclose any allegations that Plaintiff has been denied equal protection. 42 U.S.C. § 1985 does not give a cause of action for denial of due process which is the right Plaintiff herein alleges has been infringed upon. *Bottone v. Lindsley,* 170 F.2d 705 (Tenth Cir. 1947), cert. den. 336 U.S. 934, 69 S.Ct. 810, 93 L.Ed. 1101. The Complaint

therefore fails to state a claim under 42 U.S.C. § 1985 as to any Defendant.

 42 U.S.C. § 1984 is purely procedural and no claim is stated or could be stated pursuant to same. 42 U.S.C. § 1986 is directly related to 42 U.S.C. § 1985 and failure to state a claim under 42 U.S.C. § 1985 prevents one from stating a claim under 42 U.S.C. § 1986. *Johnston v. National Broadcasting Company, Inc.,* 356 F.Supp. 904 (E.D. N.Y.1973); *Post v. Payton,* 323 F.Supp. 799 (E.D.N.Y.1971). Further, an examination of the Complaint discloses no attempt to state a claim under 42 U.S.C. § 1986 notwithstanding the defective jurisdictional allegations which encompassed the citation of said section.

 Plaintiff has failed to meet his burden of establishing that this Court has subject matter jurisdiction in this action. As the Complaint fails to state a claim upon which relief can be granted as to any Federal civil rights statute alleged, jurisdiction is not established under 28 U.S.C. § 1343 for redress of statutory civil rights violations. Diversity does not exist and the claim for malicious prosecution[2] which Plaintiff appears to have attempted to state must be dismissed.

The Motions to Dismiss for failure to state a claim upon which relief can be granted should be sustained as to all Defendants as far as said Motions relate to claims pursuant to 42 U.S.C. § 1983 through § 1986. The action should be dismissed for the reason that the Court lacks subject matter jurisdiction. Rule 12(h)(3), Federal Rules of Civil Procedure.

---

**2.** An examination of the Complaint in its entirety discloses that Defendants' contentions that the instant action can be described as an attempt to bring an action for malicious prosecution is substantially correct.