Mary Juanelle HOFFERBER, Plaintiff,

v.

The FIRST NATIONAL BANK OF GUYMON, OKLAHOMA et al., Defendants.

No. CIV–77–0232–D.

United States District Court, W. D. Oklahoma.

May 5, 1977.

See also D.C., 437 F.Supp. 788.

John C. Moran, Oklahoma City, Okl., for plaintiff.

Jim W. Lee, Oklahoma City, Okl., for defendants The First National Bank of Guymon, Okl. et al.

Larry Derryberry, Atty. Gen., by Paul C. Duncan, Asst. Atty. Gen., Oklahoma City, Okl., for defendant Lansden.

David K. Petty, Guymon, Okl., D. Kent Meyers and G. Blaine Schwabe, III, Oklahoma City, Okl., for defendant Frontier Federal Savings and Loan Association of Liberal, Kansas.

## ORDER

DAUGHERTY, Chief Judge.

■ Plaintiff brings this action alleging that the persons and corporations named as Defendants herein conspired together to deprive Plaintiff of her constitutional and civil rights during the course of the litigation of a state court case in the District Court of Texas County, State of Oklahoma. In the instant case, Plaintiff seeks injunctive relief and damages from the Defendants based on their alleged conspiracy to violate the Civil Rights Act, 42 U.S.C. § 1983. It appears that this Court has jurisdiction over the matter pursuant to 28 U.S.C. § 1343.[1]

In her Complaint, Plaintiff alleges that she was the record owner of a one-half joint tenancy interest in certain described real property located in Texas County, Oklahoma when, on August 11, 1976, the Defendant Bank instituted an action in the District Court of Texas County against, inter alia, Plaintiff's former husband; that on August 27, 1976 an Order was issued in the aforementioned State District Court purporting to appoint a receiver for property which included the described property; that the receiver subsequently took exclusive physical possession of buildings located on said property and collected rental income there-

1. Rule 8(a)(1), Federal Rules of Civil Procedure, provides that a pleading shall contain "a short and plain statement of the grounds upon which the court's jurisdiction depends." Plaintiff's Complaint contains no such statement. However, 28 U.S.C. § 1653 indicates that defective allegations of jurisdiction may be amended in the trial court. 28 U.S.C. § 1343 gives the Court jurisdiction over claims for redress of rights under 42 U.S.C. § 1983. *Weaver v. Haworth,* 410 F.Supp. 1032 (E.D.Okla.1975). In view of 28 U.S.C. § 1653, the Court will treat the Complaint at this time as having been amended to contain a statement that the Court's jurisdiction depends on 28 U.S.C. § 1343.

on; and that said receiver has deprived Plaintiff of bank accounts in which she had a designated one-half joint interest. Two corporations and numerous individuals have been named as party Defendants in this action. Included among the party Defendants is the Honorable Merle Lansden, Judge of the District Court, First Judicial District, Texas County, State of Oklahoma. Plaintiff's Complaint alleges that Defendant Lansden "individually and privately directed, instructed and conspired with the Class I Defendants to so deprive Plaintiff of her rights and property rights and actively participated to provide and cloak such conspiracy with the color of law, and all inactive participation with the Class I Defendants."

The Attorney General of the State of Oklahoma, on behalf of Defendant Lansden, has filed herein a Motion for Summary Judgment or in the alternative Motion for Judgment on the Pleadings. Said Motions are supported by a Brief. Plaintiff has filed a Brief and Response to Defendant's Motion for Summary Judgment.

The Defendant's contention is that as the Plaintiff in her Complaint recognizes that Defendant Lansden has judicial immunity,[2] said Defendant should not be a party to this lawsuit and summary judgment should therefore be awarded in said party's favor. In her Response to Defendant's Motion, Plaintiff states:

"This Plaintiff would like to point out to the Court that the judicial immunity, as a creature and establishment of the judicial system, was recognized by the Plaintiff in that the Plaintiff clearly states in her Complaint the following language:

'WHEREFORE, upon her First Cause of Action, Plaintiff prays judgment against the named Class I Defendants, *except* MERLE LANSDEN, by reason of Judicial Immunity, . . .' Complaint, Page Five (5), (Emphasis Added)

The Plaintiff felt that the said Defendant should be notified of said lawsuit and that a forum be afforded for this Defendant to provide any substantial evidence and defense to the charges of the Plaintiff as set forth in the Complaint.

The Plaintiff further shows the Court that the Prayer in the Complaint requested no monetary relief or damages from this Defendant, and in fact did plead and point out to the Court, and to this Defendant, the judicial immunity."

■■■ A Motion for Summary Judgment should be granted only when the moving party has established the absence of any genuine issue as to a material fact. *Williams Petroleum Co. v. Midland Cooperatives, Inc.,* 539 F.2d 694 (Tenth Cir. 1976); *Dzenits v. Merrill Lynch, Pierce, Fenner & Smith, Inc.* 494 F.2d 168 (Tenth Cir. 1974); *James v. Atchison, Topeka and Santa Fe Railway Co.,* 464 F.2d 173 (Tenth Cir. 1972); Rule 56, Federal Rules of Civil Procedure. In the instant case, as shown above, there are no genuine fact issues with respect to the judicial immunity of Defendant Lansden. As the activity of Defendant Lansden complained of by Plaintiff admittedly was accomplished under Defendant Lansden's authority as a judge, said Defendant is immune from personal liability in damages and from suit for acts performed in the course of his judicial duties.[3] *Gately v. Sutton,* 310 F.2d 107 (Tenth Cir. 1962); *Weaver v. Haworth,* 410 F.Supp. 1032 (E.D.

---

2. In Plaintiff's Complaint, she states:
"WHEREFORE, upon her First Cause of Action, Plaintiff prays judgment against the named Class I Defendants, except MERLE LANSDEN, by reason of Judicial Immunity, individually and collectively, in the sum of Two Million One Hundred Twenty Nine Thousand Nine Hundred Eight [sic] Seven & 22/100 Dollars ($2.129.987.22 [sic]), and the injunction of the Court restraining and enjoining further interference with her property and property rights in contravention of her

due process rights under the Constitution of the United States."

3. Based on Plaintiff's Response to the Motion under consideration, Plaintiff has sued Defendant Lansden because he may have evidence and thus be a witness in the case. In this situation Plaintiff has not stated a claim or cause of action against Defendant Lansden upon which relief may be granted. A Plaintiff does not sue the witnesses, he is supposed to subpoena them.

Okla.1975); *Gregory v. Thompson,* 500 F.2d 59 (Ninth Cir. 1974); *Krause v. Rhodes,* 471 F.2d 430 (Sixth Cir. 1972). The judicial immunity doctrine applies in actions under 42 U.S.C. § 1983. *Pierson v. Ray,* 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); *Franklin v. Meredith,* 386 F.2d 958 (Tenth Cir. 1967); *Gately v. Sutton, supra; Weaver v. Haworth supra.* In view of the foregoing, Defendant Lansden is, as a matter of law, entitled to summary judgment. Accordingly, Defendant Lansden's Motion for Summary Judgment should be sustained and Plaintiff's action against Defendant Lansden should be dismissed with prejudice.

It is so ordered this 5th day of May, 1977.