**Thomas O'BRIEN et al., Plaintiffs,**

v.

**Lee S. DREYFUS, Governor of the State of Wisconsin, et al., Defendants.**

No. 79–C–842.

United States District Court,
E. D. Wisconsin.

June 24, 1980.

Kevin M. Forde, William H. Harte, Richard J. Prendergast, Chicago, Ill., for plaintiffs.

Bronson C. LaFollette, Wis. Atty. Gen. by Daniel D. Stier, Madison, Wis., for defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

This matter is before me on the plaintiffs' motions for summary judgment and for a determination that this may be maintained as a class action and also on the defendants' cross motion to dismiss for lack of subject matter jurisdiction. The defendants' motion to dismiss will be granted and the case dismissed. The plaintiffs' motions for summary judgment and class determination will be dismissed as moot.

The complaint in this action alleges that the 1978 Special Property Tax Credit, ch. 418, § 923(42), 1977 Wis.Stats., is unconstitutional. This state tax statute provides that any person who was domiciled in the state of Wisconsin for the entire calendar year of 1978 and who paid or had accrued property taxes on his homestead was entitled to file a claim for payment of the lesser of $100 or 10 percent of the property taxes paid or accrued on that person's homestead for the year 1978. If the amount of the claim was less than $40, then the amount claimable under the statute was to be $40. Claimants of this credit could, in lieu of a cash payment, receive a credit against Wisconsin income tax otherwise due.

The plaintiffs are residents of Illinois who own real estate in Wisconsin and who paid property taxes on that real estate for the year 1978. They allege that the exclusion from the Special Property Tax Credit of owners of real estate who were not domiciled in Wisconsin for the entire 1978 calendar year violates the Privileges and Immunities Clause of Article VI, § 2 of the United States Constitution in that it denies to the plaintiffs benefits enjoyed by owners of Wisconsin real estate without fulfilling any legitimate state purpose. They also allege that the Wisconsin statute violates the equal protection clauses of the Fourteenth Amendment to the United States Constitution and of Article I, § I of the Wisconsin Constitution in that the classes of persons created by the tax statute are arbitrary and have no reasonable relationship to any legitimate state policy.

The plaintiffs have invoked the jurisdiction of this court pursuant to 28 U.S.C. § 1343(3) and 42 U.S.C. § 1983. They ask that this court declare that the action of the defendants in denying the plaintiffs' claims for refunds under the Special Property Tax Credit is unconstitutional and order the defendants to pay to the plaintiffs their claims for the tax credit.

The defendants contend that this court lacks subject matter jurisdiction over this cause of action because of the provisions of 28 U.S.C. § 1341. Section 1341, known as the "Anti-Injunction Act," provides: "The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."

■ Congress had a twofold purpose in enacting § 1341: 1) to prevent disparity

between state citizens, on the one hand, who were required to pursue relief regarding tax assessments in the state courts and foreign corporations, on the other hand, who were operating in the state and could use diversity jurisdiction to seek relief in federal court from the state's taxation efforts; and 2) to prevent foreign corporations from paralyzing state fiscal operations through dilatory and expensive litigation in the federal courts. *LaSalle National Bank v. Rosewell*, 604 F.2d 530 (7th Cir. 1979). Section 1341 has been broadly interpreted to require the federal courts to "abstain in actions seeking declaratory or injunctive relief against state taxes, where there is a plain, adequate and complete remedy available in the state courts." *Gray v. Morgan*, 371 F.2d 172 (7th Cir. 1966).

Despite the broad interpretation given to § 1341, the plaintiffs contend with much resourcefulness and some cogency that this action, seeking a share of the tax credit granted by the state, is not barred. They argue that this case involves only a request for equal treatment under the Special Property Tax Credit. They also contend that the relief sought under this suit does not require the refund of any taxes paid, nor would it impair the assessment of any taxes. In their complaint, the plaintiffs seek to have declared unconstitutional that portion of the Special Property Tax Credit which limits payouts to Wisconsin residents.

■ In paragraph 10 of their complaint, the plaintiffs allege that the tax credit program "as written and as applied" is violative of the Constitution. Nevertheless, I think it is clear from a fair consideration of the entire complaint that the gravamen of the claim is statutory unconstitutionality and not merely invidious or arbitrary discrimination on the part of the individual defendants. The Supreme Court has indicated that " 'the mere illegality or unconstitutionality of a state . . . tax is not in itself a ground for equitable relief in the courts of the United States. If the remedy at law is plain, adequate, and complete, the aggrieved party is left to that remedy in the state courts, from which the cause may

be brought to this Court for review if any federal question be involved.' " *Moe v. Salish & Kootenai Tribes*, 425 U.S. 463, 470, 96 S.Ct. 1634, 1640, 48 L.Ed.2d 96 (1976), quoting *Matthews v. Rodgers*, 284 U.S. 521, 525–26, 52 S.Ct. 217, 219–220, 76 L.Ed. 447 (1932).

The plaintiffs place reliance on three cases to support their argument that § 1341 does not govern this action. *Fulton Market Cold Storage Co. v. Cullerton*, 582 F.2d 1071 (7th Cir. 1978), *cert. denied* 439 U.S. 1121, 99 S.Ct. 1033, 59 L.Ed.2d 82 (1979), and the subsequent case, *North American Cold Storage Co. v. County of Cook*, 468 F.Supp. 424 (N.D.Ill.1979), involve situations different from that presented in this case. In both *Fulton Market* and *North American*, the plaintiffs were seeking refunds of taxes paid to Cook County, Illinois, on the grounds that the assessments applied to the plaintiffs' property were improper under the relevant tax statutes. The court of appeals for this circuit noted: "The issue is not whether a state statute is constitutionally valid but rather whether an official's conduct violated established constitutional standards." *Fulton Market*, 582 F.2d at 1078. Thus, the *Fulton Market* decision does not reach the instant case, which does not rely on official misconduct but instead challenges the constitutionality of a state tax statute. *North American* is based on *Fulton Market* and involves similar facts, and I believe it is not broader than *Fulton Market*.

If Mr. O'Brien and his fellow plaintiffs were seeking only damages for past discrimination in assessments, the provisions of § 1341 would not apply for the reasons so well stated by Judge Grady in *North American*. However, paragraphs 10, 12, 13, 16 and 17 of the complaint, as well as the prayer for relief, amply demonstrate that the plaintiffs seek an order which would nullify the tax in question. Since it might "undermine and jeopardize a state's ability to collect its revenue," *Fulton Market*, 582 F.2d at 1078, the action is barred by 28 U.S.C. § 1341.

The plaintiffs also rely on *Levy v. Parker*, 346 F.Supp. 897 (E.D.La.1972), *aff'd*, 411 U.S. 978, 93 S.Ct. 2266, 36 L.Ed.2d 955 (1973). In *Levy*, the suit challenged the constitutionality of the distribution formula for a Louisiana revenue sharing plan. The state of Louisiana would reimburse local governments for the lost revenue that resulted because of a state law exempting homesteads from ad valorem property taxes. The district court held that the distribution formula was an arbitrary method of distributing state funds to the local governments which violated the rights under the equal protection clause of residents of parishes slighted under the formula. The district court did not find the taxing law unconstitutional, however. The court stated:

"Louisiana's practice is not a matter of variation in state taxation, the manner by which the state raises its funds. The discrimination lies in the arbitrary inequality of the distribution of state funds. 28 U.S.C. § 1341 is inapplicable here because the suit does not seek to enjoin the collection of taxes; it challenges only the unequal distribution of state funds. Nor is the question merely how assessments are made; adequate remedy to challenge assessment procedure is available in state courts." *Levy v. Parker*, 346 F.Supp. at 904.

■ The situation in *Levy* is not the same as the case at bar. *Levy* involves only distributions to local governments of state-collected tax dollars. It does not involve any payments whatsoever to individual taxpayers, nor does it involve a finding of unconstitutionality of any state tax statute. When the constitutionality of a state tax law is involved, § 1341 applies, even if the suit seeks only a refund for taxes paid. *See, e. g., United Gas Pipe Line Co. v. Whitman*, 595 F.2d 323 (5th Cir. 1979).

■ Finding § 1341 applicable to this suit does not end the inquiry; under § 1341, a district court may accept jurisdiction if the state has failed to provide a plain, speedy and efficient remedy. The plaintiffs argue that such a remedy is not available to them under Wisconsin law, but I believe that such view is incorrect.

The legislation establishing the Special Property Tax Credit includes a provision for review of claims made under it. Under ch. 418, § 923(42)(b)(13), the state department of revenue when confronted with an incorrect claim is required to determine the correct amount and to notify the claimant of the determination and the reasons for it. Thus, if the plaintiffs submitted a claim for the amount of credit to which they believe they are entitled, the department would respond by informing the plaintiffs that they did not qualify for the Special Property Tax Credit because they had not been domiciled in Wisconsin for the entire year of 1978. The plaintiffs would then have thirty days after receipt of notice of such a determination to petition for a redetermination, and the department would then have six months to conduct the redetermination. This appeal procedure is virtually identical to that provided under Wis.Stat. § 71.12.

Under ch. 418, § 923(42)(b)(16), further appeal of an adverse redetermination would be available to the plaintiffs through an appeal to the state tax appeals commission. Subpart 16 makes direct reference to Wis. Stat. § 73.01(5), which provides this appeal procedure for income tax cases, and Wis. Stat. § 73.015, which provides for judicial review of decisions of the tax appeals commission. Wis.Stat. § 227.01 et seq. outlines the procedure for such review.

This analysis of the appellate procedure available to the plaintiffs is necessary to establish that the plaintiffs have the same review that was available to the taxpayers in *Gray v. Morgan*, 371 F.2d 172 (7th Cir. 1966), and *Zenith Dredge Co. v. Corning*, 231 F.Supp. 584 (W.D.Wis.1964). In *Gray*, the court of appeals for the seventh circuit determined that the appeals procedure outlined by Wis.Stat. §§ 71.12, 73.015, and 227.01 et seq., was a plain, speedy and efficient remedy under 28 U.S.C. § 1341, and therefore that the plaintiffs in *Gray* could not proceed in federal district court. *Gray v. Morgan*, 371 F.2d at 174.

This determination of the adequacy of the Wisconsin remedy available to the

plaintiffs is enough to satisfy the standard of § 1341. If for some reason the above appeals procedure is no longer adequate to meet the § 1341 standard, then the plaintiffs in the case at bar have another remedy available to them. The Wisconsin Declaratory Judgment Act, Wis.Stat. § 806.04, provides: "Any person . . . whose rights are affected by a statute . . . may have determined any question for construction or validity arising under . . . [the] statute . . . and obtain a declaration of rights, status or other legal relations thereunder." Such a determination is reviewable in the same manner as any other order, judgment, or decree. Wis.Stat. § 806.04(7).

Thus, the plaintiffs have available remedies under Wisconsin law which must be considered plain, speedy and efficient. This satisfies the § 1341 standard, and since I have previously decided that § 1341 applies to this case, I must find that the jurisdictional barrier of § 1341 is present and conclude that this court does not have subject matter jurisdiction over this case.

Therefore, IT IS ORDERED that the defendants' motion for dismissal be and hereby is granted.

IT IS ALSO ORDERED that the complaint and this action be and hereby are dismissed.

IT IS FURTHER ORDERED that the plaintiffs' motions for summary judgment and class determination be and hereby are dismissed as moot.