Laura DARNE, Plaintiff,

v.

STATE OF WISCONSIN, Wisconsin Department of Revenue, Mark D. Bugher, Secretary, Bruce Gamber, Revenue Agent, Defendants.

No. 95–C–64 (JPS).

United States District Court, E.D. Wisconsin.

Sept. 22, 1995.

Laura Darne, Milwaukee, WI, pro se.

F. Thomas Creeron, III, Assistant Attorney General, Wisconsin Department of Justice, Madison, WI, for Defendants.

## DECISION AND ORDER

STADTMUELLER, Chief Judge.

### ORDER

Ms. Darne has brought this action for declaratory, injunctive, and monetary relief from a state tax, authorized by sec. 71.83(1)(a)(6), Wis.Stat.,[1] ("statute") that she claims is in violation of, and therefor preempted by, the Employee Retirement Income Security Act ("ERISA"). Ms. Darne seeks preliminary and permanent injunctions to enjoin the State of Wisconsin ("State"), through its Department of Revenue ("Department"), Mr. Bugher, the secretary of the Wisconsin Department of Revenue ("Secretary"), and Mr. Gamber, from collecting taxes which have been or might be assessed under the statute. She also makes claims against all the defendants for monetary relief as to money collected pursuant to her 1993 tax liability under the statute. Ms. Darne also seeks declaratory and injunctive relief as to ERISA's preemption of the statute.

The statute assesses a tax penalty in the amount of thirty-three percent of the federal early withdrawal fee from qualified ERISA plans. Ms. Darne withdrew a total of $6844.67 from her ERISA accounts in 1993 in the form of early withdrawal. According to the statute, this required her to pay a tax penalty, which she informed the State she would not pay, as she believed the statute to violate federal law. The next year, Ms. Darne withdrew a total of $7069.07 from her ERISA accounts, which again subjected her to a tax penalty under the statute. She filed this suit on January 18, 1995. The Department sent Ms. Darne a Notice of Delinquent Tax, dated February 20, 1995, stating she had a delinquent tax due of $277.03. In a Notice of Levy dated February 23, 1995, the State made a levy of $288.39 on Ms. Darne's savings account to satisfy the unpaid 1993 tax liability. Ms. Darne received a letter, dated February 23, 1995, from her bank informing her of its compliance with the Notice by sending $276.41 to the Department, and a letter from the Department, dated February 24, 1995, informing her of the levy.

In orders dated April 6, 1995, and May 4, 1995, this court stayed Ms. Darne's motions for injunctive relief pending consideration of the defendants' motion to dismiss, to which the court now turns.

### DISCUSSION

#### The Eleventh Amendment

▉ This court has no jurisdiction to hear Ms. Darne's suit against the State and its Department of Revenue. The Eleventh Amendment bars suits in federal court brought by private citizens against states and their departments. *Hans v. Louisiana,* 134 U.S. 1, 10, 10 S.Ct. 504, 505, 33 L.Ed. 842 (1890). This bar to jurisdiction operates in suits in law and equity. *See, e.g. Cory v. White,* 457 U.S. 85, 91, 102 S.Ct. 2325, 2329, 72 L.Ed.2d 694 (1982). The only exceptions to this bar are when the state has consented to the suit, *Edelman v. Jordan,* 415 U.S. 651, 673, 94 S.Ct. 1347, 1360, 39 L.Ed.2d 662 (1974), or when Congress has abrogated the states' immunity pursuant to statute. *Fitz-*

---

1. "Retirement plans. Any natural person who is liable for a penalty for federal income tax purposes under section 72(m)(5), (q), (t) and (v), 4973, 4974, 4975 or 4980A of the internal revenue code is liable for 33% of the federal penalty unless the income received is exempt from taxation under s. 71.05(1)(a). The penalties provided under this subdivision shall be assessed, levied and collected in the same manner as income or franchise taxes." Sec. 71.83(1)(a)(6), Wis.Stat.

*patrick v. Bitzer,* 427 U.S. 445, 456, 96 S.Ct. 2666, 2671, 49 L.Ed.2d 614 (1976); *Pennsylvania v. Union Gas Co.,* 491 U.S. 1, 14, 57, 109 S.Ct. 2273, 2281, 2296, 105 L.Ed.2d 1 (1989). Ms. Darne does not contend, and it does not appear, that Wisconsin has consented to this suit. Ms. Darne does argue that Congress, in passing ERISA, has allowed suits by private citizens against the states. "A general authorization for suit in federal court is not the kind of unequivocal statutory language sufficient to abrogate the Eleventh Amendment. When Congress chooses to subject the States to federal jurisdiction, it must do so specifically." *Atascadero State Hospital v. Scanlon,* 473 U.S. 234, 246, 105 S.Ct. 3142, 3149, 87 L.Ed.2d 171 (1985). The court has held that a statute did not meet the standard of *Atascadero* where it mentioned neither the Eleventh Amendment, the States' sovereign immunity, abrogation, or even the subjection of the States to suits for money damages. *Dellmuth v. Muth,* 491 U.S. 223, 231, 233, 109 S.Ct. 2397, 2402, 2403, 105 L.Ed.2d 181 (1989). ERISA refers only to the preemption of state laws and to the exclusive jurisdiction of the federal courts over certain claims brought under ERISA. 29 U.S.C. § 1144; 29 U.S.C. § 1132(e)(1). These fall far short of a specific statement that Congress intended to abrogate the States' sovereign immunity in enacting ERISA. Accordingly, the Eleventh Amendment bars Ms. Darne's claims against the State, and those claims must be dismissed.

■ The Eleventh Amendment also deprives this court of jurisdiction over Ms. Darne's claims against Mr. Bugher and Gamber for monetary relief. The Eleventh Amendment bars suits in federal court by private parties seeking to impose liability to be paid by public funds in the state treasury. *Edelman v. Jordan,* 415 U.S. at 663, 94 S.Ct. at 1356. This is true even where the state is not the party named, but where it is the real, substantial party in interest because the ac-

tion is essentially one for recovery of money from the state. *Id.* Ms. Darne seeks monetary relief from all the defendants, but it is clear that Mr. Bugher and Mr. Gamber are not the real parties in interest. As Ms. Darne has sued them in their official capacity, it is clear they will not be personally liable for a judgment. The Department's Field Compliance Section collected the 1993 tax liability imposed under the statute and deposited it in the State treasury. As it is the State, through the Department, which will be liable for money damages, the Eleventh Amendment bars Ms. Darne's claims for money damages from Mr. Bugher and Mr. Gamber.[2] Accordingly, these claims are dismissed.

■ However, the Eleventh Amendment poses no bar to Ms. Darne's other claims against Mr. Bugher and Mr. Gamber. Ms. Darne seeks a declaratory judgment and injunction to the effect that ERISA preempts the tax, and an injunction preventing Mr. Bugher and Mr. Gamber from collecting the tax from her. The Eleventh Amendment does not bar prospective relief against state officials acting in violation of federal law. *Edelman,* 415 U.S. at 664, 94 S.Ct. at 1356 (citing *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908)). As Ms. Darne's claims for declaratory judgment and injunctive relief are prospective in nature, the Eleventh Amendment does not bar the court's jurisdiction over them.

### The Tax Injunction Act of 1937

■ At the same time, the Tax Injunction Act of 1937 ("TIA") and its underlying principles operate to deprive this court of jurisdiction over all of Ms. Darne's claims. The TIA's text forbids an injunction against "the assessment, levy or collection of any tax under State law" where "a plain, speedy and efficient remedy may be had in the courts of

---

**2.** This is true despite the fact that the defendants obtained the 1993 tax liability from Ms. Darne's bank account, apparently against her will. While this court would be skeptical about the State's ability to evade the rule of *Ex parte Young,* through an involuntary levy of the funds before completion of a taxpayer's lawsuit, it is not a concern in this case. The levy was permis-

sible only because Ms. Darne did not take advantage of the proper state remedies for challenging the tax assessment. Moreover, those same state remedies would preclude monetary relief under the rule of *Fair Assessment in Real Estate Ass'n Inc. v. McNary,* 454 U.S. 100, 116, 102 S.Ct. 177, 186, 70 L.Ed.2d 271 (1981).

such state." 28 U.S.C. § 1341. The TIA also bars issuance of declaratory judgments by federal courts concerning state taxes. *California v. Grace Brethren Church,* 457 U.S. 393, 102 S.Ct. 2498, 73 L.Ed.2d 93 (1982). This is because a declaration usually has the same practical effect as an injunction. *Id.* at 408, 102 S.Ct. at 2507. In addition, principles of comity similar to those expressed by § 1341 bar federal courts from granting damages relief in state tax matters. *Fair Assessment in Real Estate Ass'n, Inc. v. McNary,* 454 U.S. 100, 107, 102 S.Ct. 177, 181, 70 L.Ed.2d 271 (1981). The Supreme Court has expressly reserved the question of whether the Tax Injunction Act bars federal courts from hearing ERISA challenges to state tax laws. *Franchise Tax Board of State of Cal. v. Construction Laborers Vacation Trust For Southern California,* 463 U.S. 1, 20 n. 21, 103 S.Ct. 2841, 2852 n. 21, 77 L.Ed.2d 420 (1983). However, it has said that to bring such an action despite the TIA, a party "would have to show either that state law provided no 'speedy and efficient remedy' or that Congress intended [section] 502 of ERISA to be an exception to the Tax Injunction Act." *Id.*

This court concludes that Congress did not intend ERISA to be an exception to the TIA. The Seventh Circuit has yet to address this issue. Some other circuits have either expressly not reached this issue, *e.g., Thiokol Corp. v. Dep't of Treasury,* 987 F.2d 376, 381 (6th Cir.1993), or implicitly not reached it on the grounds that there was no adequate state remedy. *E–Systems, Inc., v. Pogue,* 929 F.2d 1100, 1102 (5th Cir.), *cert. denied,* 502 U.S. 981, 112 S.Ct. 585, 116 L.Ed.2d 610 (1991); *Travelers Ins. Co. v. Cuomo,* 14 F.3d 708 (2d Cir.1993), *rev'd on other grounds,* —— U.S. ——, 115 S.Ct. 1671, 131 L.Ed.2d 695 (1995). The only circuit to squarely confront this issue has been the Ninth Circuit, which found ERISA did not create an exception to the TIA. *Ashton v. Cory,* 780 F.2d 816, 822 (9th Cir.1986). This court finds its reasoning persuasive. In *Ashton,* the Ninth Circuit noted that § 514(d) of ERISA, which provides that "[n]othing ... shall be construed to alter, amend, modify, invalidate, impair, or supersede any law of the United States...." suggests the applicability of the TIA was

unaffected by ERISA. *Id.* at 818; 29 U.S.C. § 1144(d). Moreover, it found nothing in ERISA's legislative history to indicate Congress's "desire for uniformity" in ERISA law manifested "an intent to weaken the proscription of the Tax Injunction Act against actions in federal court to enjoin state tax levies." *Id.* at 822.

A further consideration is the Supreme Court's recent decision in *National Private Truck Council, Inc. v. Oklahoma Tax Commission,* —— U.S. ——, 115 S.Ct. 2351, 132 L.Ed.2d 509 (1995), a case with parallels to this one. In *National Private Truck Council,* the Court held that 42 U.S.C. § 1983 does not provide for injunctive or declaratory relief against a state tax. *Id.* at —— – ——, 115 S.Ct. at 2356–57. The only requirement is that there be an adequate legal remedy. *Id.* The Court relied on *Fair Assessment's* "background principle of federal non-interference" and its principles of equitable restraint, recognizing that the TIA was "but a partial codification of the *federal reluctance* to interfere with state taxation." *Id.* at ——, 115 S.Ct. at 2356 (emphasis added).

■ Against a background of such federal reluctance, it seems unlikely that Congress would radically alter the scheme of the Tax Injunction Act without expressly doing so. In the absence of any evidence that Congress meant to "overturn the principle of federalism," a federal court should be extremely reluctant to construe a statute in a way that could disrupt state tax systems. *Id.* at —— – ——, 115 S.Ct. at 2356. Moreover, Congress's inclusion of a statement that "[n]othing in this subchapter shall be construed to alter, amend, modify, invalidate, impair, or supersede any law of the United States (except as provided in sections 1031 and 1137(b) of this title) ... " supports the conclusion that Congress did not intend ERISA to modify the TIA so as to interfere with state tax systems. 29 U.S.C. § 1144(d). Accordingly, this court holds that ERISA did not create an exception to the TIA.

■ The second step in determining if this court can hear Ms. Darne's ERISA claim is whether the TIA allows federal jurisdiction because state courts cannot provide "a plain,

speedy and efficient remedy...." 28 U.S.C. § 1341. This appears to be necessarily a state-by-state inquiry. However, most circuits addressing this issue have simply relied on ERISA's provision for exclusive federal jurisdiction over claims under ERISA to find that the TIA does not bar federal jurisdiction in such cases. *Thiokol Corp.*, 987 F.2d at 380–81 (holding that Eleventh Amendment barred federal jurisdiction over monetary claims against state, but that federal jurisdiction existed over claim for injunctive relief); *E–Systems, Inc.*, 929 F.2d at 1102 (TIA did not bar federal jurisdiction over claims for declaratory and injunctive relief); *Travelers Ins. Co.*, 14 F.3d at 714 (holding that where New York courts lacked jurisdiction to decide injunctive and declaratory ERISA claims due to exclusive federal jurisdiction, TIA was no bar to federal jurisdiction). These circuits have apparently decided what they said they did not: that Congress did effectively create a *de facto* exception to the TIA by the back door method of vesting jurisdiction over ERISA claims exclusively in federal courts.

In *Barnes v. E–Systems, Inc. Group Hosp. Medical & Surgical Ins. Plan*, 501 U.S. 1301, 112 S.Ct. 1, 115 L.Ed.2d 1087 (1991) (Scalia, J., in chambers), Justice Scalia granted a stay of the injunction granted in *E–Systems, Inc.* because he believed the Fifth Circuit's approach was erroneous. *Id.* at 1303–04, 112 S.Ct. at 2–3. Although the Supreme Court denied certiorari for other reasons, Justice Scalia's reasoning is still persuasive:

> The Fifth Circuit's construction of the Tax Injunction Act and ERISA assumes that ERISA's creation of a private cause of action to enjoin violation of ERISA, 29 U.S.C. § 1132(a)(3) and its provision that this cause of action can be brought only in federal court, id. § 1132(e)(1), implicitly deprive the state courts of jurisdiction to entertain claims for monetary or equitable relief that rest upon the invalidity (under the Supremacy Clause) of a state statute that violates ERISA. That is not an inevitable implication, and perhaps not even a likely one.

*Id.* One illustration of this is that "state courts routinely decide antitrust or patent defense to contract actions ... even though there is exclusive federal jurisdiction for claims arising under the antitrust and patent laws." Paul M. Bator, et. al., *Hart and Wechsler's The Federal Courts and the Federal System*, 1993 Supplement 199. Wisconsin courts have used federal law to resolve ERISA preemption issues regarding state subrogation law, *e.g., Lawver v. Marshfield Clinic*, 539 N.W.2d 335, 335 (Wis.App.1995); estoppel theory claims of insureds under a group health plan against an insurer, *e.g., Peterman v. Midwestern Nat. Ins. Co.*, 177 Wis.2d 682, 503 N.W.2d 312 (Wis.App.1993); and laws regarding notice and proof of loss, *e.g., Rockline Inc. v. Wisconsin Physicians Service Ins.*, 175 Wis.2d 583, 499 N.W.2d 292 (Wis.App.1993). This court has no doubt that Wisconsin courts can competently resolve claims that ERISA preempts state tax laws.

■ By contrast to the other circuits, the Ninth Circuit followed what this court believes to be the better approach: an examination of the particular state's available remedies under the appropriate legal standard. "In assessing whether CLVT's remedy in the California courts is plain, speedy, and efficient within the meaning of the Tax Injunction Act, we are guided by the Supreme Court's decision in *Rosewell v. LaSalle National Bank*, 450 U.S. 503 [101 S.Ct. 1221, 67 L.Ed.2d 464] ... (1981)." Specifically, the TIA requires that a taxpayer have a full hearing and judicial determination in the state courts of any and all federal or constitutional objections to the disputed state tax. *Id.* at 513–14, 101 S.Ct. at 1229–30. "Plain" means that there must be certainty in the remedy's availability and effect. *Hillsborough Tp., Somerset County, N.J. v. Cromwell*, 326 U.S. 620, 625–26, 66 S.Ct. 445, 449, 90 L.Ed. 358 (1946). "Speedy" means that the remedy is relatively fast as measured against the time normally required for similar litigation. *Rosewell*, 450 U.S. at 518, 101 S.Ct. at 1231. "Efficient" means that the remedy imposes no unusual hardship on a defendant and requires no ineffectual activity or unnecessary expenditure of time and energy. *Rosewell*, 450 U.S. at 518, 101 S.Ct. at 1231.

Moreover, the principles of *National Private Truck Council, Inc.*, discussed above, apply here as well. In the absence of an express statement by Congress that it would interfere with state tax systems, this federal court would overstep its authority if it construed ERISA as creating a categorical, *de facto* exception to the TIA that could so disrupt these systems. Accordingly, this court adopts the approach of *Ashton* to determine whether the TIA bars jurisdiction in ERISA cases. *Ashton's* emphasis on a particularized inquiry as to the availability of state court remedies makes it the sounder, more workable alternative in our federal system.

■■■■ Upon applying *Ashton*, the court finds that Ms. Darne's claims must be dismissed for lack of jurisdiction under the Tax Injunction Act. This is because she has not adequately shown that she lacks a plain, speedy, and efficient remedy in state court.[3] The party invoking federal jurisdiction has the burden of supporting it by competent proof. *NLFC, Inc. v. Devcom Mid–America, Inc.*, 45 F.3d 231, 237 (7th Cir.), *cert. denied*, —— U.S. ——, 115 S.Ct. 2249, 132 L.Ed.2d 257 (1995). Ms. Darne's only contention on this issue is that the federal courts' exclusive jurisdiction of claims brought under ERISA deprives her of any adequate state remedy. As discussed above, this court rejects that proposition. Thus, even if no other proof existed that Wisconsin courts could not provide an adequate remedy, as defined by the TIA, Ms. Darne would not have met her burden of proof. However, the defendants have pointed out that the remedies available to Ms. Darne have been held to meet the definition of "plain, speedy, and efficient." *Gray v. Morgan*, 371 F.2d 172 (7th Cir.1966), *cert. denied*, 386 U.S. 1033, 87 S.Ct. 1484, 18 L.Ed.2d 596 (1967); *Zenith Dredge Co. v. Corning*, 231 F.Supp. 584 (W.D.Wis.1964); *O'Brien v. Dreyfus*, 493 F.Supp. 476 (E.D.Wis.1980); *see also Fair Assessment*, 454 U.S. at 116 n. 8, 102 S.Ct. at

186 n. 8. The Wisconsin Supreme Court described the available remedies as follows:

The aggrieved taxpayer can challenge the tax by applying for a refund with the Department under § 71.75, [Wis.] Stats. and subch. XIV of ch. 71. The Department's decision is reviewable by the Tax Appeals Commission under § 73.01 and the Commission's decision is judicially reviewable pursuant to § 73.015. The circuit court's decision is, of course, subject to review by the appellate courts of this state.

*Hogan v. Musolf*, 163 Wis.2d 1, 20, 471 N.W.2d 216 (1991), *cert. denied*, 502 U.S. 1030, 112 S.Ct. 867, 116 L.Ed.2d 773 (1992). In the absence of any competent proof offered by Ms. Darne to show that the Wisconsin courts do not provide an adequate remedy, the procedures contained in §§ 71, 73.01, and 73.015 appear to be "plain, speedy, and efficient" within the meaning of the TIA. Accordingly, this court lacks jurisdiction over Ms. Darne's claims for declaratory and injunctive relief because the relief she seeks would interfere with the "assessment, levy, or collection" of a tax under Wisconsin state law. 28 U.S.C. § 1341.

■■■■ The court also notes that even if the Eleventh Amendment did not bar Ms. Darne's monetary claims, the rule of *Fair Assessment* would. *Fair Assessment*, 454 U.S. at 107, 111, 102 S.Ct. at 181, 183. Thus, despite the fact that the State obtained the tax payment from Ms. Darne by an involuntary levy, Ms. Darne could not win money damages in federal court, because comity principles require federal courts to defer to the states, where the state courts provide an adequate remedy.

As the court is powerless to grant Ms. Darne's requested relief, it is unnecessary to resolve the issue of whether the tax collected under the tax is preempted by ERISA according to 29 U.S.C. § 1144. Accordingly,

**IT IS ORDERED** that Ms. Darne's claims against the State of Wisconsin and its De-

---

**3.** The first inquiry under the TIA is whether this case involves a state tax, and it clearly does. A tax, broadly defined, encompasses revenue devices for raising general revenue. *Schneider Transport, Inc. v. Cattanach*, 657 F.2d 128, 132

(7th Cir.1981), *cert. denied*, 455 U.S. 909, 102 S.Ct. 1257, 71 L.Ed.2d 448 (1982). Defendants concede that § 71.83(1)(a)6 has the purpose of raising revenue, and this court finds that it does impose a state tax.

partment of Revenue be and the same are hereby **DISMISSED.**

**IT IS FURTHER ORDERED** that Ms. Darne's claims against Mr. Bugher be and the same are hereby **DISMISSED.**

**IT IS FURTHER ORDERED** that Ms. Darne's claims against Mr. Gamber be and the same are hereby **DISMISSED.**

The clerk is directed to enter judgment accordingly.