**CHASE MANHATTAN BANK, N.A., as Trustee of the IBM Retirement Plan Trust Fund, Plaintiff–Appellant,**

v.

**CITY & COUNTY OF SAN FRANCISCO; San Francisco Board of Supervisors; Assessment Appeals Board for the City and County of San Francisco; Doris Ward, Tax Assessor for the City and County of San Francisco; Thad Brown, Tax Assessor; Bruce Jamison, County Recorder, Greg Diaz, Acting County Recorder for the City and County of San Francisco, Defendants–Appellees.**

No. 95–16474.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 7, 1996.

Decided Aug. 18, 1997.

Robert W. Fischer, Jr., Dewey Ballantine, Los Angeles, CA, for plaintiff–appellant.

Claude F. Kolm, Deputy City Attorney, Louise H. Renne, City Attorney, Dennis Aftergut, Chief Asst. City Attorney, Owen Clements, Deputy City Attorney, Sally B. McGough, Deputy City Attorney, San Francisco, CA, for defendants–appellees.

Wayne Lewis Lesse, San Francisco, CA, for Amicus Curiae.

Before: HARLINGTON WOOD, JR., * SCHROEDER and HALL, Circuit Judges.

PER CURIAM.

The issue is whether the Tax Injunction Act, 28 U.S.C. § 1341 ("TIA"), bars this suit for a judgment declaring that an upward reassessment of value for San Francisco real estate tax purposes is preempted by the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001–1461 ("ERISA"), where the reassessment adversely affects an ERISA plan. The district court held the TIA bars the action, and we affirm.

In 1986, the IBM Retirement Plan Trust Fund ("Plan") purchased an annuity contract from Equitable Life Assurance Society of America ("Equitable"). As part of the contract, Equitable allocated a share of its interest in One Market Plaza Corporation into a separate account for the benefit of the Plan. Defendants City and County of San Francisco deemed this transfer a change in ownership under California law. See Cal. Rev. & Tax.Code §§ 60–69.3. This determination allowed them to reassess, upward, the property tax on One Market Plaza.

As trustee of the Plan, Chase Manhattan Bank ("Chase"), filed a complaint in district court seeking a declaratory judgment stating that the creation of the separate account could not amount to a change of ownership for California tax purposes, because such a determination was preempted by ERISA. See 29 U.S.C. § 1144(a), which preempts state laws that "relate to" ERISA plans. Defendants filed a motion to dismiss for lack of subject-matter jurisdiction on account of

the TIA. The district court agreed with the defendants and Chase appeals.

■ This court reviews de novo the district court's conclusion that it lacks subject-matter jurisdiction. Wilson v. A.H. Belo Corp., 87 F.3d 393, 396 (9th Cir.1996); Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1264 (9th Cir.1992).

The TIA provides that "district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. ERISA, however, gives federal district courts "exclusive jurisdiction" over actions by a plan's fiduciary to enforce the provisions of ERISA. See 29 U.S.C. §§ 1132(a)(3)(B)(ii) and 1132(e). Chase contends that ERISA's grant of exclusive jurisdiction to federal courts means that state courts have no jurisdiction to consider Chase's preemption arguments, thus depriving Chase of a "plain, speedy and efficient remedy" in state court.

The Supreme Court has twice reserved the question of the relationship between the TIA and ERISA's jurisdictional provision. See New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co., 514 U.S. 645, 652 n. 4, 115 S.Ct. 1671, 1675 n. 4, 131 L.Ed.2d 695 (1995); Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 20 n. 21, 103 S.Ct. 2841, 2852 n. 21, 77 L.Ed.2d 420 (1983). The Court stated that, to avoid the TIA, a party "would have to show either that state law provided no 'speedy and efficient remedy' or that Congress intended [29 U.S.C. § 1132] to be an exception to the [TIA]." Id.

■ This court, however, has concluded that ERISA's grant of exclusive jurisdiction was not intended as an exception to the TIA. See Retirement Fund Trust v. Franchise Tax Bd., 909 F.2d 1266, 1272 (9th Cir.1990); General Motors Corp. v. California State Bd. of Equalization, 815 F.2d 1305, 1308 (9th Cir.1987); Ashton v. Cory, 780 F.2d 816, 822 (9th Cir.1986); see also Darne v. Wisconsin,

* Honorable Harlington Wood, Jr., Senior United States Circuit Judge for the Seventh Circuit, sitting by designation.

901 F.Supp. 1426, 1430 (E.D.Wis.1995) (adopting the reasoning of *Ashton* in absence of Seventh Circuit authority). The lead decision, *Ashton,* was written by Judge, now Justice, Kennedy and said:

> Nothing in the legislative history of ERISA suggests that in enacting federal law to protect individual pension rights and providing for exclusive federal jurisdiction over certain civil enforcement proceedings under ERISA, Congress sought to override the historic concern for state fiscal autonomy that underlies the [TIA]. . . . [W]e cannot infer from Congress' desire for uniformity [in federal law concerning pension plans] an intent to weaken the proscription of the [TIA] against actions in federal court to enjoin state tax levies.

*Ashton,* 780 F.2d at 821–22.

The Second, Fifth and Sixth Circuits have concluded ERISA's grant of exclusive jurisdiction does deprive parties of a remedy in state courts to consider ERISA preemption claims. *See Travelers Ins. Co. v. Cuomo,* 14 F.3d 708, 714 (2d Cir.1993), *rev'd on other grounds,* 514 U.S. 645, 115 S.Ct. 1671, 131 L.Ed.2d 695 (1995); *Thiokol Corp. v. Department of Treasury,* 987 F.2d 376, 380–81 (6th Cir.1993); *E–Systems, Inc. v. Pogue,* 929 F.2d 1100, 1102 (5th Cir.1991). Justice Scalia, acting as Circuit Justice and denying a motion to stay pending decision on a petition for certiorari in *E–Systems,* noted the conflict between the Fifth and Ninth Circuit's approach to the relationship between ERISA and the TIA. *See Barnes v. E–Systems, Inc.,* 501 U.S. 1301, 1302–03, 112 S.Ct. 1, 2–3, 115 L.Ed.2d 1087 (1991). Justice Scalia further noted the likelihood that the Fifth Circuit's approach would be reversed. *See id.* at 1303, 112 S.Ct. at 2.

Chase nevertheless asks us to follow the holdings of the Fifth and Sixth Circuits in *Thiokol* and *E–Systems* to the extent that they concluded that the TIA did not preclude an action for a declaration of preemption in federal court. We decline to do so, for those cases rest on reasoning which is in conflict with the law of this circuit. Our disinclination to reach the conclusion Chase seeks is reinforced by the most recent pronouncement of the United States Supreme Court on the reach of the TIA. *See Arkansas v. Farm Credit Servs.,* —— U.S. ——, 117 S.Ct. 1776, 138 L.Ed.2d 34 (1997). The Court, in a unanimous opinion authored by Justice Kennedy, narrowly construed the TIA's exemption for actions instituted by the United States, stressing that the TIA is a " 'broad jurisdictional barrier.' " *Id.* at ——, 117 S.Ct. at 1779 (quoting *Moe v. Confederated Salish and Kootenai Tribes,* 425 U.S. 463, 470, 96 S.Ct. 1634, 1639, 48 L.Ed.2d 96 (1976)). The Court in *Farm Credit* underscored the importance of the states administering their own tax law without federal interference:

> The federal balance is well served when the several States define and elaborate their own laws through their own courts and administrative processes and without undue interference from the federal judiciary. The States' interest in the integrity of their own processes is of particular moment respecting questions of state taxation.

*Id.* at 1780.

■ Chase also contends that it has no "plain, speedy, and efficient remedy" under state law because it is not the taxpayer. In *Franchise Tax Board of California v. Alcan Aluminum,* 493 U.S. 331, 339, 110 S.Ct. 661, 666, 107 L.Ed.2d 696 (1990), the Court concluded that the TIA bars a suit by a party that directs and controls an entity that can bring a state challenge, even if the party could not do so itself. Because Chase is the trustee of the plan that owns the relevant interest in the One Market Plaza venture, Chase has a close relationship to the taxpayer. Thus, Chase would appear to have control for purposes of challenging tax assessments affecting that interest.

■ In *Alcan Aluminium,* the Court held that the TIA applied even though it was not entirely clear that the subsidiaries had standing in state court to raise the parent company's foreign commerce clause challenge. *See id.* at 340–41, 110 S.Ct. at 661–62. It said that while its decision might have differed if California courts refused to allow the subsidiaries to make that argument, the parent company had not given any convincing rea-

son to believe that would be the case. *See id.* Chase thus has the burden of showing that it could not raise preemption in state court. *See id.* at 340, 110 S.Ct. at 667.

Chase has not provided a persuasive argument that the preemption issue cannot be raised in state court. It relies primarily on 29 U.S.C. § 1132(e), which grants district courts exclusive jurisdiction of civil actions under ERISA brought by a participant, beneficiary or fiduciary. This provision may well mean that only Chase can bring an action in federal court to enjoin practices violating ERISA. But the issue here is somewhat different: can the One Market Plaza venture raise the preemption issue in state court? In arguing that it cannot, Chase has in effect interpreted the statute to mean that only an ERISA participant, beneficiary or fiduciary may bring a claim of ERISA preemption, and then only in federal court.

The statutory language does not support this interpretation. Section 1132(e) requires only that actions under ERISA by specific entities—such as fiduciaries—be brought in federal court. It says nothing about actions by other entities such as the One Market Plaza venture. *Cripps,* 980 F.2d at 1264–65 and *Harris v. Provident Life and Accident Ins. Co.,* 26 F.3d 930, 934 (9th Cir.1994), upon which Chase relies, are not to the contrary. These cases hold that only those parties mentioned in § 1132 have an express cause of action in federal court. They do not discuss what ERISA-related actions other parties may have in state court.

In *Ashton,* this court found that a plain, speedy and efficient remedy existed because a party could pursue its ERISA preemption claim in state court. *See Ashton,* 780 F.2d at 819–20. Chase attempts to distinguish *Ashton* by noting that federal preemption would have been raised defensively in the related state court proceeding, whereas in this case the venture would be asserting preemption offensively in its attempt to obtain a refund. But nothing in *Ashton* suggests the holding should be so limited. In fact, the case suggests that it does not matter whether the remedy is offensive or defensive. *See id.* at 820. The Supreme Court has taken a similar approach. In *Mackey v. Lanier Collection Agency & Serv.,* 486 U.S. 825, 828–29, 108 S.Ct. 2182, 2184–85, 100 L.Ed.2d 836 (1988), for example, it affirmed a decision by the Georgia Supreme Court that found ERISA preemption when it was asserted by a plaintiff in a state case.

We accordingly conclude that because Chase has not shown it lacks a plain, speedy and efficient remedy under state law, the district court properly dismissed this suit as barred by the TIA.

AFFIRMED.